IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

| | |
|---|---|
| MAELLA BLALOCK, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. |
| | ) |
| SRKBS HOTEL, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, by and through counsels Jeffrey A. Wilson and Richard W. James of DeVaughn James Injury Lawyers, and for Plaintiff's claims against the Defendant, alleges and states:

### DIVERSITY JURISDICTION

1. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

2. Plaintiff is a citizen of the State of Missouri who is domiciled at 14 Atwell Acres St, Monett, MO 65708.

3. The Defendant is a limited liability company organized under the laws of the state of Kansas. It may be served through its resident agent, Ninad Sharma at 2838 Tallgrass St. Wichita, KS 67226.

4. The members of Defendant are Ninad Sharma, Paresh Bhakta, Surendrakumar Bhakta, Geeta V. Reddy, RSD, LLC, and Sevjayman, LLC.

5. Ninad Sharma is a citizen of Kansas who is domiciled at 2838 Tallgrass St., Wichita, KS 67226.

6. Paresh Bhakta is a citizen of the state of Kansas who is domiciled at 1315 Broadway Wichita, KS 67211.

7. Surendrakumar Bhatka is a citizen of the state of Kansas who is domiciled at 1315 Broadway, Wichita, KS 67211.

8. Geeta V. Reddy is a citizen of Wichita who resides at 2013 North Clear Creek Court, Wichita, KS 67230.

9. RSD, LLC is a limited liability company organized under the laws of the State of Kansas.

10. The members of RSD, LLC are Daksha Sura, Dhava Patel, Rahul Dhing, and Samira Shura.

11. Daksha Sura is a citizen of Kansas who is domiciled at 8220 E. Oxford Circle, #7, Wichita, KS 67226.

12. Dhava Patel is a citizen of Georgia who is domiciled at 508 Legacy Park Dr., Perry, GA 31069.

13. Rahul Dhing is a citizen of Texas who is domiciled at 17018 Mahogany Trace Lane, Redmond, TX 77407.

14. Samira Shura is a citizen of Kansas who is domiciled at 19798 W. 121st, Olathe, KS 66061.

15. Sevjayman, LLC is a limited liability company formed under the laws of Texas.

16. The members of Sevjayman, LLC are AB Family Ltd. Partnership, Arti Patel, and Manubhai Bhakta.

17. Upon information and belief, all of the limited and general partners of AB Family Ltd. Partnership are citizens of Texas and domiciled in the state of Texas.

18. Ari Patel is a citizen of Texas who is domiciled at 2725 Cascade Drive, Plano, TX 75025.

19. Manubhai Bhakta is a Texas citizen who is domiciled at 7266 Water Edge, The Colony, Texas 75056.

20. Given the foregoing, there is complete diversity of citizenship among the parties.

21. This Court has jurisdiction over the persons and subject matter.

## FACTS

22. At all relevant times, Defendant was the owner of the premises and operator of the Super 8 Motel located at 3741 N. Rock Road, Wichita, Kansas 67226.

23. Prior to June 20, 2020, Defendant's practice was to have one employee working nights whose primary responsibility was setting up a breakfast buffet for guests.

24. In the months leading up to June 20, 2020, Defendant began accepting cash deposits from guests and otherwise allowing guests to rent rooms without following the industry standard protocols.

25. On June 20, 2020, there was a party at the Super 8 Motel owned and operated by Defendant.

26. Defendant rented a room around midnight to

27. The party turned violent, and gunshots were eventually fired in the parking lot.

28. On June 20, 2020 at approximately 3:00 a.m., Plaintiff was sleeping at the Super 8 Motel owned and operated by Defendant.

29. Around that time, bullets came through Plaintiff's room wall and struck her, causing injuries.

30. The bullets were fired by third parties that attended the party.

31. In the months leading up to the shooting, Defendant knew of criminal activity in the form of drug dealing and prostitution on the premises.

32. Before the shooting, Defendant was made aware of an ongoing police investigation into criminal activity on the property.

33. In the months leading up to the shooting, there were gang members staying at the hotel who were engaged in criminal activity. Defendant knew or should have known about this.

34. In the months leading up to the shooting, hotel staff found syringes and paraphernalia in the rooms.

35. In the months leading up to the shooting, hotel staff became aware that a guest had kept a high-powered rifle in a room.

36. In the months leading up to the shooting, hotel staff found live ammunition in guest rooms.

37. In the months leading up to the shooting, hotel staff noticed multiple guests checking in with what appeared to be guns tucked in their waistbands.

38. Despite this knowledge, Defendant took no action to hire security guards, have more persons working nights, or otherwise took any action to provide additional security to the guests.

## CLAIM 1--NEGLIGENCE

39. Based on these facts, Defendant knew or should have known that there was a risk of peril for Plaintiff above and beyond the ordinary, and appropriate security measures should have been taken.

40. Defendant should have had policies in place to prevent this occurrence and like occurrences from happening.

41. Defendant should have had proper training and protocols in place to prevent this occurrence and like occurrences.

42. Super 8 Hotel by Wyndham was negligent for the following reasons

    a. Failure to take appropriate security measures

    b. Failure to enact or enforce policies

    c. Failure to train

43. As a result of defendants' negligence, plaintiff sustained serious bodily injury, and medical expenses, and has incurred non-economic damages such as pain and suffering.  Furthermore, plaintiff reasonably expects to incur future medical expenses, future lost wages and future non-economic damages such as pain and suffering.

## CLAIM 2—PUNITIVE DAMAGES

44. Defendant, through its employees, Gregg Townsend and Jordan Malone, and its managers, Mark Stark and Teresa Malone, had knowledge of the foregoing facts.

45. Their conduct shows a reckless disregard for an imminent danger they knew or should have known about.

46. All of these employees were either authorized in their conduct, or had their conduct otherwise ratified by Defendant.

47. Consequently, Defendant acted in a wanton manner that wanton conduct caused Plaintiff's injuries, entitling her to punitive damages.

WHEREFORE, Plaintiff prays for judgment against defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

DeVaughn James Injury Lawyers

By: /s/ Jeffrey A. Wilson
Jeffrey A. Wilson, #26527
Richard W. James, #19822
32441 N. Toben
Wichita, KS 67226
[p] (316) 977-9999
[f] (316) 425-0414
jeffwilson@devaughnjames.com
rjames@devaughnjames.com
*Attorneys for Plaintiffs*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the plaintiff and demands a pretrial conference and trial by a jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COME NOW the plaintiffs and designates Kansas City, Kansas as the place for trial of this matter.

By: /s/ Jeffrey A. Wilson
Jeffrey A. Wilson, #26527
Richard W. James, #19822
32441 N. Toben
Wichita, KS 67226
[p] (316) 977-9999
[f] (316) 425-0414
jeffwilson@devaughnjames.com
rjames@devaughnjames.com
*Attorneys for Plaintiffs*