IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAELLA BLALOCK,

      **Plaintiff,**

v.

SRKBS HOTEL, LLC, NINAD SHARMA, PARESH BHAKTA, SURENDRAKUMAR BHAKTA, GEETA V. REDDY, RSD, LLC, AND SEVJAYMAN, LLC,

      **Defendants.**

Case No. 21-2552-DDC-GEB

## MEMORANDUM AND ORDER

Plaintiff Maella Blalock filed this diversity action against defendant SRKBS Hotel, LLC after sustaining gunshot wounds while staying at SRKBS's motel in Wichita, Kansas.[1] Doc. 1 at 3 (Compl. ¶¶ 22–29). In an Amended Complaint, plaintiff added the members of SRKBS Hotel, LLC as defendants in this action. Doc. 39. The member defendants have moved to dismiss for failure to state a claim upon which relief can be granted. Doc. 52. For reasons explained below, the court denies defendants' Motion to Dismiss.[2]

---

[1] The court has diversity subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff alleges that she is a Missouri citizen. Doc. 39 at 1 (Am. Comp. ¶ 2). And she alleges that the individual defendants and the member defendants of the defendant LLCs are citizens of Kansas, Georgia, and Texas. *Id.* at 1–3 (Am. Compl. ¶¶ 3–19). Also, plaintiff alleges that the amount in controversy exceeds $75,000. *Id.* at 1 (Am. Compl. ¶ 1). Because the parties are diverse and the amount in controversy is satisfied, diversity jurisdiction exists here.

[2] Defendants' motion also requests "an oral hearing" on the motion. Doc. 52 at 1. Our local rule, D. Kan. Rule 7.2, gives the court discretion to "set any motion for oral argument or hearing at the request of a party or on its own initiative." The court finds here that the parties' papers adequately argue the issues raised by the defendants' motion. An oral argument isn't necessary or consistent with Fed. R. Civ. P. 1. So, the court declines to set oral argument on this motion.

I.      **Background**

The following facts come from plaintiff's Amended Complaint (Doc. 39).  The court accepts plaintiff's "well-pleaded facts as true, view[s] them in the light most favorable to [her], and draw[s] all reasonable inferences from the facts" in her favor.  *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).  Defendant SRKBS Hotel, LLC owned and operated a Super 8 Motel in Wichita, Kansas.  Doc. 39 at 3 (Am. Compl. ¶ 22).  SRKBS rented a room to two women who had requested information about the size and layout of the room.  *Id.* (Am. Compl. ¶¶ 27–28).  Later, SRKBS attempted to remove the two women or their guests from the hotel premises which provoked violence.  *Id.* at 4 (Am. Compl. ¶¶ 30–31).  Amid this violence, plaintiff, who was staying in a nearby room, sustained gunshot wounds.  *Id.* (Am. Compl. ¶¶ 33–34).  SRKBS was aware of an array of ongoing criminal activity on the Super 8 Motel's premises.  *Id.* at 4–5 (Am. Compl. ¶¶ 36–42).  But SRKBS did nothing in response.  *Id.* at 5 (Am. Compl. ¶ 44).

Initially, plaintiff filed this diversity action for negligence against a single defendant—SRKBS Hotel, LLC.  Doc. 1 (Compl.).  Later, plaintiff filed an Amended Complaint (Doc. 39) that named additional defendants.  The additional defendants—Ninad Sharma; Paresh Bhatka, Surendrakumar Bhatka; Geeta V. Reddy; RSD, LLC; and Sevjayman, LLC (collectively, the "member defendants")—are members of defendant SRKBS Hotel, LLC.  *Id.* at 1 (Am. Compl. ¶ 4).  With the present suit pending, the member defendants "sold all of SRKBS' assets, and distributed all of SRKBS' capital—leaving SRKBS insolvent and unable to pay any judgment against it."  *Id.* at 6 (Am. Compl. ¶ 58).  Based on this, plaintiff seeks to disregard LLC liability protections and hold the member defendants jointly liable for any judgment awarded.  *See id.* at 7

(Am. Compl. ¶ 68).  The member defendants now have moved to dismiss for failure to state a claim upon which relief can be granted.  Doc. 52.

## II. Legal Standard

Under Rule 12(b)(6), a party may move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III. Analysis

The member defendants argue that they are insulated from SRKBS's liability in this action because SRKBS is a limited liability company. Doc. 52 at 3. They also argue that plaintiff has pleaded no facts that could support plaintiff's effort to pierce their liability protections. *Id.* at 3–5. In response, plaintiff contends that the member defendants waived their right to file a motion to dismiss, because SRKBS did not challenge plaintiff's Motion for Leave to Amend. Doc. 55 at 3–4. Plaintiff further argues that she has pleaded facts that are sufficient to disregard LLC liability protection. *Id.* at 4–8. The court first addresses plaintiff's procedural argument, and then turns to the substantive issue of disregarding LLC liability protection.

### A. Waiver

Plaintiff argues that the member defendants waived their right to file a motion to dismiss when defendant SRKBS Hotel, LLC didn't oppose plaintiff's Motion for Leave to Amend. Doc. 55 at 3–4. The court disagrees. Plaintiff's argument fails for two reasons. *First*, plaintiff's argument assumes that SRKBS Hotel, LLC is an agent of the member defendants. *See id.* However, a corporate entity is not an agent of its owners. Restatement (Second) of Agency § 14M cmt. a (Am. L. Inst. 1958) ("A corporation is not the agent of one person, or of a number of persons, who can direct its conduct because holding a majority of its voting shares of stock."). Thus, SRKBS's failure to challenge the Motion for Leave to Amend is not attributable to the member defendants. Nor can plaintiff use it to preclude the member defendants from the right to the full gamut of procedural options afforded by the Federal Rules of Civil Procedure.[3]

---

[3] The court recognizes the tension between concluding that SRKBS is not an agent of the member defendants while simultaneously concluding that SRKBS is the alter ego of member defendants. However, "[a]gency and alter ego are two different and distinct concepts. In the case of an alter ego, the court pierces the corporate veil. In the case of an agency the corporate identity is preserved but the principal is held liable for the acts of its agent." *N. Nat. Gas Co. v. Superior Ct.*, 134 Cal. Rptr. 850, 857 (Cal. Ct. App. 1976). Stated differently, disregarding LLC liability protection does not imply that

4

*Second*, even if SRKBS were an agent of the member defendants, a party does not waive the right to move to dismiss by failing to object to a motion for leave to amend.  A party waives its right to make a motion to dismiss for failure to state a claim upon which relief can be granted *only if* the party fails to raise the issue before the end of trial.  *See* 5C Charles A. Wright, Arthur R. Miller & A. Benjamin Spencer, *Federal Practice and Procedure* § 1392, Westlaw (3d ed. updated Apr. 2022) ("According to the plain language of Rule 12(h)(2), the three enumerated defenses are waived if they are not presented before the close of trial."); *see also* Fed. R. Civ. P. 12(h)(2).  Thus, defendants have not waived the right to present a motion to dismiss for failure to state a claim.  *See Caldwell-Baker Co. v. S. Ill. Railcar Co.*, 225 F. Supp. 2d 1243, 1250 (D. Kan. 2002) (holding that granting leave to amend did not create a "negative implication" that the amended complaint "would survive a motion to dismiss").

## B.  Veil-piercing

Finding that the member defendants have not waived their to right to seek Rule 12(b)(6) dismissal, the court turns to their argument that plaintiff has not pleaded facts sufficiently to disregard LLC liability protection.  The doctrine of alter ego "is well settled under Kansas law."[4]

---

SRKBS acted as an agent of the member defendants when it declined to challenge plaintiff's Motion for Leave to Amend.  Even absent this distinction, however, plaintiff's argument still fails, as explained below.

[4]     As plaintiff correctly notes, *see* Doc. 55 at 6, Kansas law governs this action. "The Court applies the forum state's choice-of-law rules to determine which state's substantive law governs a claim." *Nordwald v. Brightlink Commc'ns, LLC*, 603 F. Supp. 3d 1030, 1040 (D. Kan. 2022) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  Kansas choice-of-law principals point to Kansas law for both the tort claims and for the veil-piercing standard.  For tort claims, Kansas "courts apply the substantive law of the state where . . . the injury was sustained." *Dragon v. Vanguard Indus., Inc.*, 89 P.3d 908, 914 (Kan. 2004); *Nordwald*, 603 F. Supp. 3d at 1040.  The alleged injury here occurred in Kansas, so Kansas law governs.  Likewise, Kansas law supplies the governing standard for veil-piercing claims since SRKBS Hotel, LLC is organized under the laws of Kansas.  *See, e.g.*, *Consol. Beef Indus., Inc. v. Schuyler*, 716 P.2d 544, 547 (Kan. 1986) ("The generally accepted rule is that a corporation's charter and the laws of its domicile govern with respect to the fact and duration of corporate existence and the rights and liabilities of its officers, stockholders, and directors."); *Teran v. GB Int'l, S.P.A.*, 920 F. Supp. 2d 1176, 1186 (D. Kan. 2013); *Schmid v. Roehnm GmbH*, 544 F. Supp. 272, 274 (D. Kan. 1982)

5

*Wichita Destination Devs., Inc. v. Focus Hosp. Servs., LLC*, 365 F. Supp. 3d 1172, 1176 (D. Kan. 2019).  It imposes liability "on the individual who uses a corporation merely as an instrumentality to conduct his own personal business" to perpetrate fraud or injustice on third parties.  *Sampson v. Hunt*, 665 P.2d 743, 751 (Kan. 1983).  To determine whether to disregard corporate entity liability protection, courts consider factors such as the following:

> (1) Undercapitalization of a one-[person] corporation,
> (2) failure to observe corporate formalities,
> (3) nonpayment of dividends,
> (4) siphoning of corporate funds by the dominant stockholder,
> (5) nonfunctioning of other officers or directors,
> (6) absence of corporate records,
> (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders, and
> (8) the use of the corporate entity in promoting injustice or fraud.

*State ex rel. Graeber v. Marion Cnty. Landfill, Inc.*, 76 P.3d 1000, 1017 (Kan. 2003) (citation and internal quotation marks omitted).  "Not all factors must be present, and any one factor could be enough to justify disregarding the corporate entity."  *Wichita Destination Devs., Inc.*, 365 F. Supp. 3d at 1178 (citing *Kinder v. QI Enters., L.L.C.*, No. 111,537, 2015 WL 1124603, at *2 (Kan. Ct. App. Mar. 6, 2015)); *Louisburg Bldg. & Dev. Co. v. Albright*, 252 P.3d 597, 609 (Kan. Ct. App. 2011).  The "ultimate standard for piercing the corporate veil in Kansas is whether disregarding the corporate entity is necessary to achieve equity on grounds that the corporation was used as a cover for fraud or illegality, or to work an injustice."  *Schutte v. Petter Constr. Co., Inc.*, No. 99,870, 2009 WL 1911693, at *6 (Kan. Ct. App. July 2, 2009) (citing *Amoco Chems. Corp. v. Bach*, 567 P.2d 1337, 1341 (Kan. 1977)); *see also Cyprus Amax Mins. Co. v. TCI Pac. Commc'ns, LLC*, 28 F.4th 996, 1008 (10th Cir. 2022) ("[T]he test as applied here asks whether the outcome of the present litigation would be unjust if a court refused to pierce [the] corporate

---

("The federal courts sitting in diversity cases have also applied the Kansas law pertaining to alter ego liability.").

veil."). The Kansas Supreme Court has warned, however, that courts must exercise this judicial remedy "reluctantly and cautiously." *Sampson*, 665 P.2d at 751 (citing *Bach*, 567 P.2d at 1341).

Here, plaintiff has pleaded factual allegations only about the first and eighth factors. True, the Amended Complaint says that the member defendants failed to observe formalities, did not pay dividends, siphoned corporate funds, and used SRKBS as a facade for their own interests. Doc. 39 at 7 (Am. Compl. ¶¶ 62–65). But these are merely "[t]hreadbare recitals" of the alter ego factors are legal conclusions—unsupported by any factual allegations—that "are not entitled to the assumption of truth." *See Iqbal*, 556 U.S. at 678–79.

This Motion to Dismiss, thus, turns on whether plaintiff has pleaded plausibly sufficient factual allegations to disregard LLC liability protections based on the first and eighth factors.[5] These factors are interwoven. Plaintiff essentially claims that defendants intentionally undercapitalized to avoid liability for any judgment in this case. Doc. 39 at 6 (Am. Compl. ¶¶ 57–61). If this is true—as the court must assume at this stage—then disregarding the corporate entity is necessary to avoid injustice. Interpreting Kansas law, the Tenth Circuit has noted that "[p]urposeful undercapitalization to avoid a potential judgment is 'the *principal injustice* that might lead a court to disregard the separateness of affiliated entities.'" *Cyprus Amax Mins. Co.*, 28 F.4th at 1008 (emphasis added) (quoting *Sac & Fox Nation, Inc. v. Containment Sols., Inc.*, No. 17-2416-JWB, 2018 WL 3495854, at *6 (D. Kan. July 20, 2018)).

---

[5]    Relevant to the first factor, SRKBS is not a one-person corporation. *See* Doc. 39 at 1 (Compl. ¶ 4). However, that is not dispositive. Kansas case law suggests that this list of factors is illustrative, not exhaustive. *See Bach*, 567 P.2d at 1341 ("[S]ome of the factors considered significant in justifying a disregard of the corporate entity are . . . ."). Furthermore, when applying the alter ego test in the context of corporations and subsidiaries, one factor that the Kansas Supreme Court has said is significant is "whether the subsidiary has grossly inadequate capital." *Dean Operations, Inc. v. One Seventy Assocs.*, 896 P.2d 1012, 1017 (Kan. 1995). Alternatively, the court may consider undercapitalization as relevant to the injustice factor. *See Graeber*, 76 P.3d at 1017. Regardless, undercapitalization is a relevant consideration to the alter ego test.

7

The Kansas Supreme Court's decision in *State ex rel. Graeber v. Marion County Landfill, Inc.* is instructive. 76 P.3d 1000. There, Marion County Landfill, Inc. (MCLI) shareholders knew that they were facing "closure and postclosure costs." *Id.* at 1017. Despite this, MCLI sold property and continued to distribute assets that MCLI otherwise would have had available to fulfill its obligations. *Id.* Based on these facts, the Kansas Supreme Court concluded that the plaintiff had "made a credible case that the MCLI veil should be pierced." *Id.* Plaintiff alleges that like MCLI and its shareholders, defendants here knew they could face liability from this action. And plaintiff alleges that like MCLI and its shareholders, defendants nonetheless sold property and distributed assets that SRKBS otherwise would have available to satisfy a judgment owed to plaintiff. Based on these allegations, allowing SRKBS to distribute all its assets to avoid responsibility for a judgment would produce an injustice. Thus, plaintiff sufficiently has pleaded facts capable of supporting a plausible finding or inference that the member defendants cannot avail themselves of LLC liability protections.

In response, the member defendants argue the court should dismiss them from the action because SRKBS has sufficient insurance to satisfy any judgment and because plaintiff has not secured a judgment against SRKBS yet. Doc. 52 at 5–6. Neither of these arguments is availing. In assessing a motion to dismiss, the court generally may consider only "facts alleged in the complaint itself[.]" *Smallen v. W. Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020) (citation omitted). The court thus declines the member defendants' invitation to consider SRKBS's insurance coverage. At this stage, plaintiff has pleaded sufficient facts to permit a reasonable inference that SRKBS could not satisfy a judgment. Likewise, the lack of a judgment against SRKBS at this point does not compel the court to dismiss the member defendants. In fact, courts often bifurcate trials involving veil-piercing claims to determine if the corporate entity is liable at

all.  *See, e.g.*, *Mandeville v. Quinstar Corp.*, 109 F. App'x 191, 194 (10th Cir. 2004); *Albright*, 252 P.3d at 604; *Schutte*, 2009 WL 1911693, at *1.  As a consequence, neither the existence of insurance coverage nor absence of a judgment compel the court to grant member defendants' Motion to Dismiss.

In sum, plaintiff has alleged facts that are sufficient to survive this Motion to Dismiss. Preemptively selling property to avoid a potential judgment justifies disregarding LLC liability protections.  And because plaintiff has alleged that defendants have done exactly that, the court declines to dismiss the member defendants at the pleading stage of the case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the member defendants' Motion to Dismiss (Doc. 52) is denied.

**IT IS SO ORDERED.**

**Dated this 31st day of March, 2023, at Kansas City, Kansas.**

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**